IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10675
Summary Calendar

_____

WILLIE O. THOMAS,

Plaintiff-Appellant,

versus

RICKY MURRAY; LESLIE COTTON; NAVARRO COUNTY TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1306-L
--------------------
February 28, 2001

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Willie O. Thomas appeals from the district court's grant of summary judgment for defendants Ricky Murray and Navarro County. Thomas filed a civil-rights lawsuit pursuant to 42 U.S.C. § 1983 alleging that Murray had violated his constitutional rights by unlawfully detaining him and by using excessive force against him. Thomas also alleged that Navarro County was liable for ratifying Murray's unconstitutional actions against him. This court reviews a district court's decision to grant a motion for summary judgment <u>de</u> <u>novo</u>. <u>Crowe v. Henry</u>, 115 F.3d 294, 296 (5th Cir. 1997).

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thomas argued that Murray did not have probable cause to support his detention. The facts indicate that Murray was informed that Thomas had pointed his firearm at another individual and that Thomas refused Murray's repeated requests to surrender his firearm during Murray's investigation. Murray's contact with Thomas constituted an investigative detention which was supported by a reasonable suspicion that Thomas was armed and dangerous and was therefore permissible for Fourth Amendment purposes under Terry v. Ohio, 392 U.S. 1, 27 (1968).

Furthermore, the right to make an "investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). Under these circumstances, Murray's use of force in disarming Thomas was neither clearly excessive to the need for force nor objectively unreasonable. See Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996). Because Thomas failed to allege the denial of a constitutional right, Murray was entitled to summary judgment in the instant case. Evans v. Ball, 168 F.3d 856, 863 (5th Cir. 1999).

Thomas also argued that Navarro County was liable for Murray's actions. However, a municipality cannot be held liable for damages based on the actions of one of its employees if such employee inflicted no constitutional harm. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Navarro County was therefore also entitled to summary judgment in the instant case.

Accordingly, the district court's judgment is AFFIRMED.

2